UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SALVADOR ADAM MENDOZA** <br> **#14603-081** | **DOCKET NO. 12-CV-2956** <br> **SEC. P** |
| **VERSUS** | **JUDGE MINALDI** |
| **UNITED STATES OF AMERICA, ET AL** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the Court is a *pro se* complaint filed by plaintiff Salvador Mendoza pursuant to the Federal Tort Claims Act (F.T.C.A.), 28 U.S.C. §1346(b). Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, and he is currently incarcerated at the United States Penitentiary–Coleman II (USP-C), Coleman, Florida. However, he complains about events that occurred while he was incarcerated in FCI-Oakdale, Oakdale, Louisiana. Plaintiff alleges that he was injured due to the negligence of the defendants. He names the United States of America, and FCI-O Officers Tony King and Victorian as defendants.

The court notes that the proper defendant in an FTCA action is the United States of America, not the federal agency or its employees. *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988). Plaintiff has properly named the United States; however, the other defendants, FCI-O Officers Tony King and Victorian, are not proper parties to this FTCA matter and should be dismissed.

Accordingly,

**IT IS RECOMMENDED** that defendant's FCI-O Officers Tony King and Victorian be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 20th day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE