UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SALVADOR ADAM MENDOZA** | : | **CIVIL ACTION NO. 2:12-cv-2956** |
| **VS.** | : | **JUDGE WALTER** |
| **USA, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the motion to dismiss and for summary judgment, [doc. 11], filed by the United States of America (hereafter, "the government"). *Pro se* plaintiff Salvador Adam Mendoza (hereafter, "plaintiff") opposes the motion.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1) and the standing orders of the court. For the reasons stated herein, IT IS RECOMMENDED that the government's motion should be GRANTED.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (hereafter, "BOP"). His complaint concerns events that occurred while he was housed in the Federal Correctional Institution in Oakdale, Louisiana (hereafter, "FCIO").

On May 23, 2010, an incident occurred while plaintiff was being escorted to his cell in FCIO's Special Housing Unit (hereafter, "SHU"). Plaintiff was restrained and in handcuffs at the time. As plaintiff entered his cell, the FCIO officers escorting him held on to his restraints through the food slot on the cell door. Doc. 1, att. 2, p. 3. According to plaintiff, FCIO Officer Tony King (hereafter, "Officer King") pulled violently on plaintiff's restraints through the food slot, injuring plaintiff's wrists and hands. *Id.* Plaintiff also alleges that Officer King painfully compressed the handcuffs into plaintiff's wrists. *Id.* Plaintiff further claims that the handcuffs

were not "double-locked," which would have prevented such over-tightening. *Id.* Finally, plaintiff claims that FCIO Officer Victorian (hereafter, 'Officer Victorian") witnessed the incident but did nothing to intervene. *Id.*

Plaintiff asserts that the government is liable for battery under the Federal Tort Claims Act (hereafter, "FTCA").[1] He further claims that he received inadequate medical treatment for his injuries. *Id.* Finally, plaintiff claims that when he was transferred from FCIO, all of his personal property was lost or destroyed and that he was not compensated for the loss. *Id.*

The government now moves to dismiss plaintiff's or for the court to grant summary judgment in its favor. The government submits that, according to BOP records, plaintiff's version of the May 23, 2010 incident is false. Albert Thomas (hereafter, "DHO Thomas"), was the Disciplinary Hearing Officer who conducted plaintiff's hearing wrote a report on the incident. DHO Thomas's report found that when plaintiff entered his SHU cell, he became agitated upon realizing the cell had been searched in his absence. Doc. 11, att. 5. DHO Thomas further found that it was plaintiff, not Officer King, who pulled on the restraints through the food slot, causing minor injuries to Officer King's hand and wrist. *Id.* Based upon DHO Thomas's findings, plaintiff was sanctioned for assaulting a BOP officer. Doc. 11, att. 5, pp. 6–8.

Plaintiff later filed an administrative tort claim regarding the incident. Doc. 1, att. 3, pp. 1–2. The claim was denied because no evidence indicated that plaintiff "suffered an injury caused by the negligent or wrongful act or omission of any government employee acting within the scope of his or her employment . . . ." *Id.* at 2. Plaintiff's appeal was not successful. *Id.* at 5–8.

---

[1] Originally, plaintiff asserted claims against the government, Officer King, and Officer Victorian. Doc. 1. However, the undersigned issued a Report and Recommendation, [doc. 2], wherein it was recommended that Officers King and Victorian be dismissed, because the only proper party in an FTCA action is the United States. Doc. 2, p. 1 (citing *Gavin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988).

Plaintiff argues that because he offers a different version of events than the government, there is clearly a genuine issue of material fact such that summary judgment is inappropriate. Doc. 13.  Plaintiff also maintains that the security camera footage of the incident will corroborate his story. *Id.*  However, the government states that the footage no longer exists because, under BOP policy, security camera footage is only kept for a period two months unless review is requested.  Doc. 18.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations.  When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true[2] and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party.  *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp. 2d 383, 388 (E.D. La. 2006).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 652, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).[3]  "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires

---

[2] Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 652, 679 (2009). Courts will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir. 2005)); *see also Iqbal*, 556 U.S. at 664, 129 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

[3] In *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228 (5th Cir. 2009), the Fifth Circuit held that neither *Twombly* nor *Iqbal* created a heightened pleading standard for complaints, and that these cases instead only "explicate" Rule 8(a)(2), particularly because *Twombly* recognized that pleading requirements could only be changed through amendment of the Federal Rules.  *Id.* at 258–59 (citing *Twombly*, 550 U.S. at 569 n. 14).

the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Accordingly, a complaint must simply contain a "'short and plan statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). This standard is met by the "reasonable inference" the court must make, with or without discovery, that the facts set forth a plausible claim for relief under a particular theory of law, provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228 (5th Cir. 2009); *Twombly*, 555 U.S. at 556.

Although a court's review is generally limited to the pleadings in deciding a motion to dismiss, the court may also consider documents attached to the complaint and the motion to dismiss, provided such documents are central to the plaintiff's claim and are referred to in the complaint. *Lone StarFund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### B. Summary Judgment

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). There is no genuine issue when

the record as a whole "could not lead a rational finder of fact to find for the non-moving party . . . ." *Id.* The court must deny the motion if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In making this determination, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, conclusory allegations are not competent evidence sufficient to defeat a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

### III. LAW & ANALYSIS

Plaintiff sets forth three specific claims: (A) a claim for battery; (B) a claim for inadequate medical care; and (C) a claim for lost property. Each claim will be addressed in turn, based upon the relevant standard of law.

#### A. Battery

Plaintiff claims that the government is liable under the FTCA for the battery committed by Officers King and Victorian.

The United States, as sovereign, enjoys immunity from suit "save as it consents to be sued." *U.S. v. Mitchell*, 455 U.S. 535, 538 (1980). The FTCA constitutes a waiver of sovereign immunity for tort claims against the United States. 28 U.S.C. § 1346(b); *see also Cleveland ex rel. Cleveland v. U.S.*, 457 F.3d 397, 403 (5th Cir. 2006). The waiver is subject to numerous exceptions set forth in 28 U.S.C. § 2680, including the "intentional tort exception" of § 2680(h). The intentional tort exception "preserves the Government's sovereign immunity from suit for '[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with

contract rights.'" *Millbrook v. U.S.*, 133 S.Ct 1441, 1443 (2013) (quoting 28 U.S.C. § 2680(h)). However, the "law enforcement proviso" limits the intentional tort exception by allowing claims for six intentional torts (including assault and battery) committed by "investigative or law enforcement officers of the United States government." 28 U.S.C. § 2680(h).

Here, the government concedes that Officers King and Victorian are "law enforcement officers" for purposes of the law enforcement proviso, and that plaintiff's battery claim is actionable under the FTCA.[4] However, the government contends that summary judgment is warranted because plaintiff has failed to establish that a battery occurred. Doc 11, att. 2, pp. 10–11. We agree.

"Under the [FTCA], the United States is liable for the acts of its employees only under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Sanchez v. Rowe*, 870 F.2d 291, 295 (5th Cir. 1989). Accordingly, when analyzing a claim under the FTCA, the court must apply the law of the state in which the alleged tort took place. *Cleveland*, 457 F.3d at 403.

In the instant case we look to Louisiana tort law. In Louisiana, battery is defined as "a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such contact . . . ." *Landry v. Bellanger*, 851 So. 2d 943, 949 (La. 2003) (quoting *Caudle v. Betts*, 512 So. 2d 389, 391 (La. 1987)). When a plaintiff seeks damages for an intentional tort, the plaintiff carries the burden of proving "all prima facie elements of the tort, including lack of consent to the invasive conduct." *Touchet v. Hampton*, 1 So. 3d 729, 732 (La. App. 3d Cir.

---

[4] The government points out that, until the *Millbrook* decision, the law enforcement proviso was itself limited to situations in which the tort occurred when law enforcement officers were executing a search, seizing evidence, or making an arrest. *Pooler v. U.S.*, 787 F.2d 868 (3d Cir. 1986). The Supreme Court held in *Millbrook* that the law enforcement proviso applies to the acts or omissions of law enforcement officers "that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest." *Millbrook*, 133 S.Ct at 1446. Thus, after *Millbrook*, there is no longer an exception to the waiver of sovereign immunity for law enforcement officers acting in a security capacity, which exception formerly would have applied to the instant case.

2008). The defendant may then seek to prove lack of fault on the basis that his actions were privileged or justified. *Landry*, 851 So. 2d at 954.

The declarations of Officer King, Officer Victorian, and DHO Thomas all state that, when plaintiff was being returned to his SHU cell, he became agitated and pulled on his restraints. Doc. 11, atts. 3–5. Officers King and Victorian then struggled to remove plaintiff's handcuffs through the food slot. Both officers state that the handcuffs were double-locked. These statements lead to the conclusion that any "harmful or offensive contact" to plaintiff was a result of plaintiff's pulling on the restraints and not the result of any intentional acts of Officers King or Victorian. The government has established a lack of a genuine issue of material fact, and it is therefore incumbent on plaintiff to designate specific facts to the contrary. *Tubacex*, 45 F.3d at 954.

Plaintiff attempts to survive summary judgment solely by stating that a videotape of the incident will disprove the government's version of events. Doc. 13, p. 2. The undersigned previously ordered the government to produce video footage of the incident if it in fact exists. Doc. 16. The government has stated that no such video exists because, under BOP policy, "if there is no [known] reason to pull or review a segment of video, it is recorded over" after a period of two months. Doc. 18. Due to the lack of any video evidence, there is nothing to support plaintiff's conclusory argument that the government's statement of facts is erroneous.

Plaintiff fails to establish that any BOP employees committed the intentional tort of battery or any other tortious act. Therefore, he fails to establish liability under the FTCA, and the government's motion for summary judgment should be GRANTED in this regard.

### B. Inadequate Medical Care

Plaintiff's complaint states that the government provided inadequate medical care to him. Doc. 1, att. 2, p. 2.

"Under the FTCA, a plaintiff may recover monetary awards from the United States for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of employment." *Weathington v. United States*, 2011 WL 6159273 (W.D. La. 2011), *report and recommendation adopted*, 2011 WL 6170279 (W.D. La. 2011). Liability attaches only if the conduct complained of amounts to negligence in accordance with the law of the place where the act or omission occurred. 28 U.S.C § 1346(b). Substantive state law determines whether a cause of action exists. *Johnston v. U.S.,* 85 F.3d 217, 219 (5th Cir. 1996).

In Louisiana, La. R.S. § 15:751 imposes a duty to provide reasonable medical care for prisoners. The standard of care imposed under Louisiana law for providing for the medical needs of inmates is that those services be reasonable. *Elsey v. Sheriff of Parish of East Baton Rouge,* 435 So.2d 1104 (La. App. 1st Cir. 1983); *see* a*lso Cole v. Acadia Parish Sheriff's Dept.*, 998 So. 2d. 212 (La. App. 3d Cir. 2008).

The government argues that summary judgment on plaintiff's inadequate-medical-care claim is warranted because plaintiff fails to identify any negligent conduct by any BOP employee. We agree. Plaintiff's medical records detail the course of his medical treatment after the May 23, 2010 incident. Doc. 11, att. 6. The records establish that plaintiff was seen by a BOP Nurse right after the incident occurred. *Id.* at 7–9. Plaintiff did not report any symptoms and the nurse no injuries. We find nothing unreasonable in the nurse's conduct.

Furthermore, plaintiff was treated for various unrelated ailments in between the date of the incident and the diagnosis of carpal tunnel syndrome. *See* doc. 11, att. 6, pp. 2–5. Plaintiff fails to identify (and we fail to discern) anything unreasonable in the course of plaintiff's treatment. To the contrary, it appears that plaintiff was treated promptly and appropriately each and every time he complained of a medical problem.

Notably, when plaintiff was diagnosed with carpal tunnel syndrome on March 19, 2012, he stated to the doctor that his symptoms began after his wrists were "crushed" by officers at FCIO. *Id.* at 69–73. However, plaintiff's medical records show that on October 8, 2010, when he first complained of a ganglion cyst on his right wrist, he stated that the cyst had been there "for over a year," which would indicate that his symptoms began *before* the incident at FCIO. *Id.* at 36–38. Several x-rays of plaintiff's wrist revealed tissue swelling with no bone abnormality, and plaintiff was prescribed medication. *Id.* at 37, 55–57. Again, it is readily apparent that BOP staff reasonably responded to plaintiff's complaints of problems with his wrist.

Finally we note that, after plaintiff was diagnosed with carpal tunnel syndrome, BOP medical staff began a comprehensive treatment plan involving pain medication, x-rays, and neurological/electromyography testing. *See* Doc. 11, att. 6, pp. 5–6. Plaintiff does not state, much less establish, that any of this treatment was unreasonable or negligent.

Considering the foregoing, the government's motion for summary judgment on plaintiff's inadequate-medical-care claim should be GRANTED.

### C. Lost Property

Plaintiff claims that when he was transferred from FCIO, his property was lost or destroyed, and he was not compensated for the loss. Doc. 1, att. 2, p. 3 at ¶ 22. He does not state

how the government is liable for the loss or otherwise elaborate on any circumstances surrounding same. Along with his complaint plaintiff attached a copy of the BOP letter regarding his lost property claim. Doc. 1, att. 3, pp. 9–11. BOP officials apparently offered to settle plaintiff's lost-property claim for the sum of $61.45, which plaintiff has apparently refused. *Id.* at 10.

Plaintiff's lost-property claim must be dismissed because the government retains sovereign immunity against lost-property claims under the FTCA, except for property seized pursuant to federal forfeiture law, which is not the case here. 28 U.S.C. § 2680(c); *see also Ali v. Federal Bureau of Prisons*, 522 U.S. 214 (2008) (holding that BOP officers are "law enforcement officers" for purposes of the retention of sovereign immunity under § 2680(c)). Furthermore, because plaintiff pursued an administrative tort remedy under the small-claims statute, 31 U.S.C. § 3723, judicial review of the BOP's adjudication of that claim is foreclosed. *E.g.*, *Alford v. Sadowski*, 2011 WL 66544 at *2 (N.D. Oh. 2011).

Plaintiff fails to state a claim upon which relief can be granted. Accordingly, the government's motion to dismiss plaintiff's pursuant to Rule 12(b)(6) should be GRANTED.

### IV. CONCLUSION & RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the government's motion to dismiss or for summary [doc. 11] should be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), a party aggrieved by this order has 14 days from service of this recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this report and recommendation 14 days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 13th day of January, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE